IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS FASULLO, Inmate #R30073,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 07-116-MJR |
| ) | |
| ) | |
| **PEOPLE OF THE UNITED STATES,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　may be granted; or
> 　(2) seeks monetary relief from a defendant who is immune from such
> 　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Plaintiff believes that the "three strikes" provision of 28 U.S.C. § 1915(g), which dictates that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury," is unconstitutional because it interferes with the First Amendment right to petition the government for redress of grievances.

**LEGAL STANDARDS**

Plaintiff does not have standing to bring this claim because he has not been precluded from filing suit because of the "three strikes" provision.  Article III of the Constitution restricts federal courts from adjudicating matters that do not present actual cases or controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984).  Central to the case or controversy requirement is the doctrine of standing which requires that a plaintiff show the following.  First, a plaintiff must demonstrate a concrete and particularized  "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical.  Second, a plaintiff must show a causal connection between the injury and the conduct complained of.  Third, a plaintiff must show a likelihood that the injury will be redressed by a decision in his or her favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

In the case at bar, Plaintiff has not demonstrated any "injury-in-fact" as a result of the "three strikes" prohibition.  Any future injury Plaintiff might have as a result of the provision is merely conjectural, and thus insufficient to confer standing.

Even if Plaintiff had standing to bring this challenge, the claim would fail as a matter of law.

The Seventh Circuit has held constitutional the three strikes provision of 28 U.S.C. § 1915(g). *See Lewis v. Sullivan*, 279 F.3d 526, 528-29 (7th Cir. 2002). A prisoner who has in the past filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, is not precluded from filing suit in federal court. He is precluded only from proceeding in those cases without prepayment of the filing fee. He may still file as many suits as he wishes, provided he pays the filing fee for each action in advance. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Furthermore, it is well-settled that the filing fees themselves pass constitutional muster. *See Lewis*, 279 F.3d at 528-29.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 26th day of March, 2007.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**